**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIS AND HER CORP., a California corporation, DBA His and Her Hair Goods Co., <br><br> Plaintiff-Counter-Defendant - Appellant, <br><br> v. <br><br> SHAKE-N-GO FASHION, INC., a New York corporation; C&J BEAUTY SUPPLY; TIGI BEAUTY SUPPLY; PINK BEAUTY SUPPLY & SALON, INC.; SEONHEI KIM, DBA Sam's Beauty; KI HWAN HAN, DBA Ebony Wig & Beauty Supply; TAESEOB & YOUNG'S MISSION BEAUTY, INC., DBA Basket Beauty Supply, DBA Wow Beauty Supply; MODELMODEL HAIR FASHION, INC., a New York corporation, <br><br> Defendants-Counter-Claimants - Appellees. | No. 12-56777 <br><br> D.C. No. 2:11 cv-05323 GAF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 10, 2014
Pasadena, California

Before: TASHIMA, N.R. SMITH, and MURGUIA, Circuit Judges.

Plaintiff appeals the district court's grant of summary judgment in favor of Defendants holding that Plaintiff's registered trademark was generic. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

In resolving summary judgment motions, a court must not weigh the evidence, make credibility determinations, or draw inferences from the facts adverse to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Given that standard, the district court erred, for example, by "discount[ing] somewhat the probative value" of Plaintiff's consumer and wholesaler declarations, and by discrediting the testimony of Edward Tony Lloneau. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005); *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1149 (9th Cir. 2002) ("[O]f course, it is for the trier-of-fact, not the court deciding whether to grant summary judgment, to determine issues of credibility.").

"[V]iewing the evidence in the light most favorable to the nonmoving party," as we must, we hold that genuine issues of material fact exist as to the genericness of Plaintiff's "cuticle" mark. *KP Permanent Make-Up, Inc.*, 408 F.3d at 602; *see also id.* ("Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." (quoting *Entrepreneur Media, Inc.*, 279 F.3d at 1140 (internal quotation marks omitted))).

Accordingly, we reverse the judgment of the district court and remand the case for trial.[1]

**REVERSED and REMANDED.**

---

[1] We deny Plaintiff-Appellant's motion to take judicial notice. *See Milton H. Green Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012) (denying a request for judicial notice of other proceedings because they did not bear a direct relation to the matters at issue).